UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHA'WANN LAMAR,

    Plaintiff,

    v.                                      CAUSE NO. 3:21-CV-415-JD-MGG

RON NEAL, et al.,

    Defendants.

## OPINION AND ORDER

Kha'wann Lamar, a prisoner without a lawyer, was ordered to show cause why he has not paid the initial partial filing fee assessed by the court. Upon review of his response (ECF 7), the order to show cause is discharged. He is reminded that he remains obligated to pay the filing fee over time in accordance with 28 U.S.C. § 1915(b)(2).

Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr.

Lamar is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Lamar is incarcerated at Indiana State Prison ("ISP"). He alleges that in February 2021, he was twice transferred to the segregation unit for brief periods. He claims that during the transfers, some of his "legal material" was lost or stolen. Based on these events, he sues the property room officer, the officer who packed his belongings, and the Warden of ISP, seeking money damages for the denial of his "right of access to the courts."

Prisoners are entitled to meaningful access to the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). However, there is no "abstract, freestanding right" to legal materials. *Id.* Instead, an access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim related to the prisoner's "conviction, sentence, or conditions of confinement." *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). In other words, "only if the defendants' conduct prejudices a potentially meritorious [claim] has the right been infringed." *Id.* Thus, to state a claim, the inmate is required to "spell out" in at least "minimal detail" the connection between the denial of access to the courts and the resulting prejudice to a potentially meritorious legal claim. *Id.*

Even giving Mr. Lamar's allegations liberal construction, he has not alleged a plausible claim for the denial of access to the courts. He does not describe in any detail what the "legal material" consisted of or provided any link between the loss of these materials and prejudice he suffered to a potentially meritorious legal claim. To the extent he is trying to sue for the value of his lost property, he has a state court remedy

2

available and cannot pursue a federal due process claim for the loss of these items. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). He asserts that internal prison policies were not followed with respect to his personal property, but a violation of administrative rules or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door.").

Additionally, as to the Warden, he does not describe how this high-ranking official was involved in these events, if at all. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and the Warden cannot be held liable simply because he holds a supervisory position at the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison staff can be held liable for a constitutional violation committed by a subordinate if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is no plausible basis in the complaint to infer that the Warden condoned or facilitated a constitutional violation by a subordinate or otherwise turned a blind eye to Mr. Lamar's rights.

Therefore, the complaint does not state a claim upon which relief can be granted. In the interest of justice, the court will allow Mr. Lamar an opportunity to amend his complaint if, after reviewing the court's order, he believes that he can state a plausible constitutional claim against these defendants, consistent with the allegations he has

already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **November 19, 2021**, to file an amended complaint if he so chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on October 18, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4